# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WALTER R. HUMPLE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-20-3528 |
| RODRICK JOHNSON, *Supervisor*, et al., | * | |
| Defendants. | * | |

*********

| | | |
|---|---|---|
| WALTER R. HUMPLE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-21-1009 |
| GARY SINDY, *WCI Supervisor*, | * | |
| Defendants. | * | |

*********

## **MEMORANDUM OPINION**

Plaintiff Walter R. Humple filed a civil rights complaint docketed as Civil Action No. CCB-20-3528. ECF No. 1. As discussed below, Humple's request for injunctive relief in this matter will be denied without prejudice. Humple also filed a second complaint docketed as Civil Action No. CCB-21-1009. ECF No. 1. The two cases will be consolidated, and Humple will be directed to file an amended complaint in the consolidated case.

**Humple v. Johnson, CCB-20-3528**

Humple's complaint was received by the court on December 2, 2020. He was housed at North Branch Correctional Institution ("NBCI") at that time. ECF No. 1. Humple alleges that he had been attacked by inmates he was double celled with on three occasions and suffered serious

injury. Humple states that the first assault took place on January 31, 2020. He reported the incident to prison officials and was ordered to return to the same cell where the assault took place. Humple was then taken to another cell and housed with an inmate with a history of sexual assault. Humple states that he carries a "victim PREA score" himself. ECF No. 1 at 3. He was assaulted, including sexually. He does not state the date of this incident. Humple states that a "retaliation threat" was then placed on him by multiple "organizations" and on February 20, 2020, he reported the threats verbally and in writing to prison officials and was placed on administrative segregation for a PREA investigation. *Id.*

On May 10, 2020, a member of one of the named organizations was placed in Humple's cell and he was assaulted and raped. Humple reported the incident to prison officials who refused to remove him from the cell.

On November 19, 2020, a member of another known organization was put in his cell. The inmate told Humple that he had to leave the cell then or be killed. Humple's requests for help by officers were ignored. The inmate then "grabbed a large weapon" and threatened to kill Humple if he did not hold the slot open on the cell door when officers opened the slot. *Id.* Humple complied with the inmate's order and was subsequently punished for his actions. In his complaint, Humple requested to be placed in a single cell, an immediate transfer out of NBCI, restoration of good time credits, consideration for parole, and monetary damages.

Before initiating formal proceedings, the court directed counsel for Maryland Department of Public Safety and Correctional Services ("DPSCS") to provide a preliminary response, explaining what has been done to ensure Humple's safety and why this court should not order further measures to ensure his safety. ECF No. 3. Counsel responded on January 13, 2021. ECF No. 5. Counsel's response includes the Declaration of Benjamin Bradley, Correctional Case

Management Specialist II at NBCI. ECF No. 5-1. Bradley states that Humple claimed that Security Threat Groups (STG's) and religious groups had placed a "hit" on him and sexually assaulted him on multiple occasions. ECF No. 5-1 at 2. Humple was moved to administrative segregation at NBCI on December 11, 2020, pending investigation of his claims, and was in this housing at the time the declaration was filed. *Id.*

Humple's security level was increased from minimum to medium to maximum dating back to September 27, 2019, based on disciplinary incidents and an attempt at self-harm. ECF No. 5-1 at 1-2. After an increase in security level to maximum, Humple was transferred to NBCI on December 7, 2019 and assigned to administrative segregation to determine suitability for general population housing. *Id.* at 2.

From January 2020 through July 2020, Humple was found guilty of a number of rule violations including disobeying direct orders, assault on staff, and destruction of state property. Humple was disciplined with segregation and a loss of good conduct credits. *Id.* at 2. He was also assigned to administrative segregation on April 21, 2020, pending investigation of his claim that he was targeted by an inmate for retaliation. *Id.*

As of October 5, 2020, Humple's claim of being sexually assaulted in February 2020, was found to be unsubstantiated. His claim of being sexually assaulted in May 2020, remained under investigation at the time the declaration was filed. *Id.* at 3.

After counsel filed its response, Humple was transferred from NBCI to Western Correctional Institution ("WCI"). ECF No. 7. The DPSCS Inmate Locater notes that Humple remains housed at WCI at this time.[1]

---

[1] The DPSCS Inmate Locater is at: http://www.dpscs.state.md.us/inmate/. The locater was last checked on June 14, 2021.

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Here, Humple claims that while at NBCI he was housed in unsafe conditions causing him to suffer numerous assaults by inmates. He filed complaints while at NBCI and DPSCS opened investigations, of which one was pending at the time DSPCS's response was filed with the court. Humple requested to be transferred out of NBCI and placed in a single cell. Humple has since been transferred out of NBCI. It is not clear if he is currently in a single cell, or if this is still a concern for him, now that he is housed at WCI.

Insofar as Humple has been transferred out of NBCI, his request for a transfer is determined to be moot. Further, there is insufficient information to assess if he is currently in a single cell, or if this remains a concern now that he is housed at WCI. Based on the record before the court, Humple cannot prove that he is likely to succeed on the merits of his claim for injunctive relief or that he is likely to suffer irreparable harm if he is not placed in a single cell at WCI, and a preliminary injunction will not be issued.

On January 15, 2021, the court received for filing, Humple's motion requesting that the court issue subpoenas for evidence to support his claims. ECF No. 6. The motion will be denied

without prejudice as this request is premature. As more fully discussed below, if Humple wishes to pursue this action, he will be directed to file an amended complaint.

**Humple v. Sindy, CCB-21-1009**

On April 23, 2021, a second complaint from Humple was received by the court for filing. ECF No. 1. While the complaint is less than clear, Humple appears to be stating that he is housed at WCI, was placed in general population where he was in danger and feared for his life, and has now been placed in disciplinary segregation. Humple is seeking protective custody and also the reversal of a disciplinary proceeding and disposition.

Humple does not provide sufficient details to determine if he has a claim that may go forward. He does not describe the nature of the incident that led to his placement in disciplinary segregation. The court cannot discern the charges he received, the disposition, or the grounds on which Humple believes the disposition should be reversed. Additionally, Humple does not provide sufficient information regarding why he needs protective custody and how defendants have violated his rights by not providing him with this placement. As discussed below, Humple will be provided with an opportunity to file an amended complaint.

**Consolidated Action and Amended Complaint**

Federal Rule Civil Procedure 42(a) provides "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." On review, it appears that the complaints filed in each case concern Humple's safety while in DPSCS custody. He also raises disciplinary claims, and seeks damages. Given the similarity of the allegations and in the interests of judicial economy, the two cases shall be consolidated for all purposes.

Humple will be provided with 28 days in which to file an amended complaint in the consolidated action that the court will review. The amended complaint should include the name of each defendant and the facility where they are located. Humple should state the action taken, or not taken, by each named individual that resulted in harm to him. Humple should also state the harm that he suffered as a result of these actions, or inactions. Humple will be provided with a copy of the court's civil rights complaint form to submit his amended complaint.

If Humple intends to hold defendants responsible for injuries he received from assaults by inmates, the amended complaint should state the date and location where each assault took place, the harm that he suffered from each assault, which of the named defendants are responsible for what took place, and the information presented to each defendant in advance of each assault to put them on notice that he was at risk of harm.

If Humple seeks to reverse findings of guilt made in disciplinary hearings, the amended complaint should state the date of each incident on which he received charges, the nature of the charges, and if a hearing was held, the date of the hearing, and the disposition entered at the conclusion of the hearing. In addition, Humple should state the grounds by which he believes each hearing should be reversed. Humple should also state which defendants are responsible for the disciplinary charges and dispositions received.

If Humple seeks to be placed in protective custody, he should state what action he took to obtain protective custody, including who he spoke with and the nature of the information provided. He should also state the response he received to his requests, the date the responses were provided, and the name of the person that provided each response.

Humple is advised that the amended complaint will replace the original complaints filed in each of these two actions. The general rule is, "an amended pleading ordinarily supersedes the

original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001), quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). The amended complaint required by this Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which defendants must answer.

In amending the complaint, Humple should be mindful that under Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief shall contain: a "short and plain statement of the claim" that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**Motions for Leave to Proceed In Forma Pauperis**

Humple filed a motion to proceed in forma pauperis in each action. CCB-20-3528, ECF No. 2; CCB-21-1009, ECF No. 2. In the first action filed, CCB-20-3528, the court issued an Order requiring the finance officer at North Branch Correctional Institution ("NBCI") to file a verified inmate account statement reflecting the average balance and deposits to Humple's account. ECF No. 3. The statement has not been received.

Humple's Motion for Leave to Proceed in Forma Pauperis in the first action, CCB-20-3528, ECF No. 2, will be granted and the initial partial payment waived. As Humple's two cases

will be consolidated, the Motion for Leave to Proceed in Forma Pauperis filed in CCB-21-1009, ECF No. 2, will be denied as moot.

## Conclusion

For the reasons stated above, Humple's request for injunctive relief in CCB-20-3528 will be denied without prejudice. Cases CCB-20-3528 and CCB-21-1009 will be consolidated. Humple's motion for leave to proceed in forma pauperis, CCB-20-3528, ECF No. 2, will be granted and the initial filing fee will be waived. Humple's motion for leave to proceed in forma pauperis in CCB-21-1009 will be denied as moot. Humple's motion requesting that the court issue subpoenas for documents to support his claims, CCB-20-3528, ECF No. 6, will be denied without prejudice. Humple will be granted 28 days to file an amended complaint in the consolidated action.

A separate order follows.

```
 _7/9/2021_____                    _/S/_____
Date                                Catherine C. Blake
                                    United States District Judge
```