IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WALTER R. HUMPLE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-20-3528 |
| RODRICK JOHNSON, *et al.*, | * | |
| Defendants. | * | |

*********

## MEMORANDUM OPINION

By Memorandum Opinion and Order dated July 9, 2021, two cases filed by plaintiff were consolidated and he was directed to file an amended complaint in the consolidated case, CCB-20-3528. ECF Nos. 8, 9. Plaintiff was advised that the amended complaint would replace the original complaints filed in each action. ECF No. 8 at 6-7. On July 30, 2021, plaintiff's amended complaint was received for filing, which the court now reviews. ECF No. 10.

The court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the reasons discussed below, plaintiff's case is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

In directing plaintiff to file an amended complaint, the court instructed plaintiff that if he intended to hold defendants responsible for injuries he received from assaults by other inmates, the amended complaint should state the date and location where each assault took place, the harm that he suffered from each assault, which of the named defendants are responsible for what took

place, and the information presented to each defendant in advance of each assault to put them on notice that he was at risk of harm.

Plaintiff was further instructed that if he seeks to reverse findings of guilt made in disciplinary hearings, the amended complaint should state the date of each incident on which he received charges, the nature of the charges, and if a hearing was held, the date of the hearing, and the disposition entered at the conclusion of the hearing. Plaintiff was further advised to state the grounds by which he believes each hearing should be reversed and state which defendants are responsible for the disciplinary charges and dispositions received.

Finally, plaintiff was instructed that if he seeks to be placed in protective custody, he should state what action he took to obtain protective custody, including who he spoke with and the nature of the information provided. He was told he should also state the response he received to his requests, the date the responses were provided, and the name of the person that provided each response.

Plaintiff's amended complaint contains minimal information. He names only two defendants in the amended complaint, Johnson and Sindy. He again references incidents that took place on January 31, 2020 and February 20, 2020 in which he alleges he was assaulted by an inmate on each date. ECF No. 10 at 3. He also references an incident that took place on May 17, 2020, in which he received a disciplinary ticket. *Id.* The amended complaint does not contain any allegations against either named defendant, Johnson or Sindy.

Plaintiff is proceeding pro se and the court liberally construes the pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In an abundance of caution, the court has reviewed the initial complaints in the two filed actions, along with the amended complaint, and finds that based on these documents, plaintiff has failed to state a claim for relief against the named defendants,

Johnson and Sindy. The complaint filed in CCB-20-3528 does not contain any allegations against these two individuals. ECF No. 1. The complaint filed in CCB-21-1009 states that on April 2, 2021, Sindy advised him that his allegations of sexual assault on February 20, 2020 and May 17, 2020, were not substantiated. CCB-21-1009, ECF No. 1 at 2. There are no other allegations pertaining to defendant Sindy and no allegations pertaining to Johnson.

It is unclear if plaintiff is attempting to bring this action against Johnson and Sindy in a supervisory capacity. In a suit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *see also Love-Lane v. Martin,* 355 F.3d 766, 782 (4th Cir. 2004). A supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). For a supervisor to be found liable for such acts, a plaintiff must prove that (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to individuals like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the subordinate's misconduct; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Plaintiff has not alleged facts to indicate personal participation by defendants Johnson and Sindy to support a claim for relief.

Although district courts have a duty to construe self-represented pleadings liberally, a plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented). Plaintiff fails to provide allegations that state a cause of action against either defendant Johnson or Sindy.

Plaintiff's complaint must be dismissed for failure to state a claim. He is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

The complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Further, this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). A separate order follows.

  10/7/21    
Date

                /S/           
Catherine C. Blake  
United States District Judge